IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20868

_____

JOHNNY PAUL PENRY,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas

--------------------
August 14, 2001

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges
PER CURIAM:

In 1980, Johnny Paul Penry was convicted in Texas state court of the capital murder of Pamela Carpenter. He was sentenced to death. The United States Supreme Court vacated Penry's sentence because the jury had not been adequately instructed with respect to mitigating evidence. Penry v. Lynaugh, 492 U.S. 302 (1989). The State of Texas retried Penry in 1990 and Penry was again convicted of capital murder and sentenced to death. The Texas Court of Criminal Appeals affirmed Penry's conviction and sentence on direct appeal and denied

Penry's state application for a writ of habeas corpus.  Penry then filed a federal application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The district court denied federal habeas relief and denied Penry's motion for a certificate of appealablity (COA) to challenge its decision.  Penry filed a motion for a COA in this court, which we denied.  Penry v. Johnson, 215 F.3d 504, 512 (5th Cir. 2000).

Thereafter, Penry petitioned for, and the United States Supreme Court granted, a writ of certiorari.  Penry v. Johnson, 121 S. Ct. 563 (2000).  The Supreme Court affirmed our order denying Penry's motion for a COA except with respect to Penry's claim that he was sentenced to death in violation of the Eighth and Fourteenth Amendments because the jury instructions given in his case prevented jurors from considering and giving effect to substantial mitigating evidence that Penry was mentally retarded and was severely abused as a child.  Penry v. Johnson, 121 S. Ct. 1910, 1924 (2001).  The Court reversed our denial of a COA as to that issue and remanded the case to this court for further proceedings.  Id.  The Court held that the Texas Court of Criminal Appeals unreasonably applied clearly established federal law in concluding that the jury instructions given in Penry's case satisfied the Eighth and Fourteenth Amendments.  Id. at 1918, 1924.

In light of the Supreme Court's decision, we GRANT Penry's motion for a COA with respect to his jury instruction claim, VACATE the district court's judgment denying Penry's application for a federal writ of habeas corpus, and REMAND the case to the

district court.  The district court is instructed to grant Penry's application for a writ of habeas corpus unless the State of Texas within a reasonable time either grants Penry a new trial on the issue of punishment only, as permitted by Tex. Code Crim. Proc. art. 44.29(c), or vacates Penry's sentence and imposes a sentence less than death.  See Moore v. Johnson, 194 F.3d 586, 622 (5th Cir. 1999).

COA GRANTED; VACATED and REMANDED.